UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**GREGORY L. NORWOOD**                          **CIVIL ACTION NO. 21-3625**

                                                **SECTION P**
**VS.**
                                                **JUDGE S. MAURICE HICKS, JR.**

**SHERIFF'S OFFICE OF CADDO**                   **MAG. JUDGE KAYLA D. MCCLUSKY**
**PARISH, ET AL.**

**REPORT AND RECOMMENDATION**

Plaintiff Gregory L. Norwood, a prisoner at Caddo Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately October 13, 2021, under 42 U.S.C. § 1983. He names the following defendants: Sheriff's Office of Caddo Parish, Sheriff Steve Prator, Commander R. Farris, and Sergeant Englade.[1] For reasons below, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff alleges that he filed four "ARPs"[2] to the defendants, requesting "legible copies of current inmate handbooks containing references to the Administrative Remedy Procedure[,]" approved forms to file ARPs, copies of "legislative action[,]" and a "visible ARP mail box in housing Units D and H[.]" [doc. # 4, p. 3]. He claims that his first-step request was "rejected with appeal . . . ." *Id.* He claims that he cannot proceed to the second step of the ARP and exhaust his administrative remedies because he lacks approved forms. *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[2] "ARP" is commonly used as an initialism for 'Administrative Remedy Procedure.'

Plaintiff asks the Court to grant all of the relief "he sought in each Administrative Remedy Request . . . ." *Id.* at 4.

On November 10, 2021, Plaintiff filed a letter, stating that his prior filing "was and remains a felony complaint to the U.S. District Attorney's Office and to the U.S. Marshal Service, not a civil suit under 42 U.S.C. § 193." [doc. # 6, p. 1]. He emphasizes that his prior filing was a "<u>Criminal Complaint</u>," adding that "<u>criminal</u> matters and <u>civil matters</u> are completely separate matters." *Id.* Referencing "criminal acts[,]" he seeks "redress in the form of criminal prosecutions . . . ." *Id.* He concludes that he will maintain his position that his filing is a "criminal complaint . . . ." *Id.* at 2.

Plaintiff filed a second letter on November 10, 2021, emphasizing once more that "what [he] filed was a criminal complaint, not a civil complaint." [doc. # 7, p. 1]. He mailed a criminal complaint to the U.S. Marshals Service. *Id.* He states that it "shocked [his] sense of justice" when the Court mailed him a form complaint for filing claims under 42 U.S.C. § 1983. *Id.* That said, he alters course and states that his complaint is "of both criminal and also of civil magnitude . . . ." *Id.* Then, returning to his original track, he states that he would "rather [] receive communication from the U.S. Marshals Service and/or Federal Western District Attorney's Office" with respect to his "criminal complaint, on its merits." *Id.* at 2.

The Clerk of Court responded to Plaintiff's letters, informing him thusly: "Only authorized law enforcement agencies or the United States Attorney's Office may file criminal charges. If the filer wishes to report a crime, he or she is directed to contact the police or the U.S. Attorney's Office." [doc. # 7-1].

On November 16, 2021, despite the Clerk of Court's instruction, Plaintiff filed a document entitled, "Additional Statements, Amendment to Initial Complaint." [doc. # 8]. He

2

"wish[es] to reiterate, for the record, that his Original Compliant Is Not A Civil Complaint but A Criminal Complaint . . . [sic]." *Id.* at 1. He alleges that he and others cannot exhaust administrative remedies because of "the subversive and criminal actions of the suspect in question[.]" *Id.* He claims that a defendant ignores his right to appeal and proceed to the second step of the ARP. *Id.* He asks the Court to aid him "in the criminal prosecution of the listed suspects in question . . . ." *Id.* at 2.

On December 2, 2021, Plaintiff filed another pleading, reiterating some of his earlier allegations and claiming that defendants continue to "attempt to prevent and to suppress suit, in equity or in other proper proceedings of redress." [doc. # 12, p. 2].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

3

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148,

152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Separation of Powers**

Repeatedly insisting that he is filing a criminal complaint, Plaintiff seeks "redress in the form of criminal prosecutions . . . ." [doc. # 6, p. 1].[4]

There is no constitutional right to have a person criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).[5] Investigating and prosecuting possible criminal activities lies

---

[4] Despite the Clerk of Court's letter informing Plaintiff that "[o]nly authorized law enforcement agencies or the United States Attorney's Office may file criminal charges[,]" Plaintiff did not voluntarily dismiss this proceeding. In fact, he filed two additional pleadings following the Clerk of Court's letter. [doc. #s 8, 10].

[5] *See U.S. v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

in the exclusive jurisdiction of the executive branch of government. In the federal context, for example, prosecuting criminal actions lies in the discretion of the Attorney General of the United States and duly authorized United States Attorneys. In Louisiana, prosecuting criminal actions lies in the discretion of the Louisiana Attorney General and the various District Attorneys. *See* LA. CODE. CRIM. PROC. arts. 61 and 62.

As the Clerk of Court previously instructed, Plaintiff should direct his concerns to a local, state, or federal police agency. Plaintiff suggests that he wants the U.S. Attorney's Office and the U.S. Marshals Service to investigate potential crimes and prosecute defendants. [doc. # 6, p. 1]. To that end, Plaintiff should contact the U.S. Attorney's Office and/or the U.S. Marshals Service.

Plaintiff should be aware that if a prosecuting authority investigates and chooses not to file charges, "[t]he decision to file or not file criminal charges . . . will not give rise to section 1983 liability." *Oliver*, 904 F.2d at 281. The courts "allow the government discretion to decide which individuals to prosecute, which offenses to charge, and what measure of punishment to seek." *U.S. v. Lawrence*, 179 F.3d 343, 348 (5th Cir. 1999); *see, e.g. Hymel v. Champagne*, 2007 WL 1030207, *2 (E.D. La. 2007) (denying a plaintiff's request to investigate a correctional center: "this Court has no authority to issue such an order and plaintiff has no constitutional right to such an order. Moreover, to the extent that plaintiff is alleging that a criminal investigation should be instituted, such investigations are solely within the purview of law enforcement authorities.").

Accordingly, to the extent Plaintiff asks the Court to investigate and prosecute defendants, the Court should dismiss the request as frivolous.

### 3. Unavailable Administrative Remedy Process

While Plaintiff insists that he is only filing a criminal complaint, he also hedges, stating that his complaint is "of both criminal and also of civil magnitude . . . ." [doc. # 7, p. 1]. In addition, he asks the Court to grant all of the relief "he sought in each Administrative Remedy Request . . . ." [doc. # 4, p. 4]. Plaintiff claims that the ARP process at Caddo Correctional Center is essentially unavailable: he lacks "legible copies of current inmate handbooks containing references to the Administrative Remedy Procedure[,]" approved forms to file ARPs, copies of "legislative action[,]" and a "visible ARP mail box in housing Units D and H[.]" [doc. # 4, p. 3]. He claims that he cannot proceed to the second step of the ARP and exhaust his administrative remedies because he lacks approved forms. *Id.*

A prisoner, however, does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); *see Alexander v. Texas Dep't of Criminal Justice*, 2020 WL 826452, at *2 (5th Cir. Feb. 20, 2020) (affirming dismissal of a claim that grievances were mishandled or improperly denied because "prisoners have no due process rights in the inmate grievance process.").

In *Sandin v. Conner*, 515 U.S. 472, 475 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. *See Taylor v. Cockrell*, 92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to

investigate his grievances is indisputably meritless."). Here, accordingly, the Court should dismiss Plaintiff's claims.

### 4. Access to Court

Plaintiff claims that defendants continue to "attempt to prevent and to suppress suit, in equity or in other proper proceedings of redress" by denying access to a responsive administrative remedy procedure. [doc. # 12, p. 2].

To succeed on claim that a defendant is violating a plaintiff's right to access the courts, the plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 353. Rather, a plaintiff must demonstrate that the lack of access prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353-54 (*quoting Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)).

Here, Plaintiff does not identify a claim, defense, or proceeding that he cannot presently prepare or file, that he could not prepare or file in the past, that he lost, or for which he could not obtain a remedy.[6] The Court should dismiss these claims.

---

[6] *See Marshall v. Menchaca*, 813 F. App'x 960, 962 (5th Cir. 2020) ("To the extent that Marshall suggests that the treatment of his grievances affected his ability to access the courts, he has not alleged or set forth facts reflecting a causal link between the denial of his grievances and the supposed constitutional violation."); *Mahogany v. Miller*, 252 F. App'x 593, 594 (5th Cir. 2007) ("Mahogany seems to assert that he was injured by the failure to process his grievances because he is required to exhaust the grievance procedure before he can bring any claims in the district court. This argument is meritless because the district court assumes that a prisoner's claims have been exhausted when his grievances were not processed within prescribed time limits."); *Smallwood v. Castillo*, 289 F. App'x 803, 805 (5th Cir. 2008) ("Smallwood's claim that the defendants denied him access to courts because they destroyed or lost his grievance is without legal basis.").

**Recommendation**

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Gregory L. Norwood's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 8th day of December, 2021.

_____
Kayla Dye McClusky
United States Magistrate Judge

9